IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**DARRELL LYNN BANKSTON, #R1725**                                      **PLAINTIFF**

versus                                              CIVIL ACTION NO. 5:06cv155DCB-MTP

**CHRISTOPHER EPPS, et al.**                                            **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER
DISMISSING THE PLAINTIFF'S COMPLAINT**

The Plaintiff, an inmate of the Mississippi Department of Corrections (MDOC), currently incarcerated in the Wilkinson County Correctional Facility, Woodville, Mississippi, filed a complaint pursuant to 42 U.S.C. § 1983 and requested *in forma pauperis* status. On December 4, 2006, an order was entered denying the Plaintiff's motion to proceed *in forma pauperis* based on his "three strikes" pursuant to 28 U.S.C. § 1915(g). The Plaintiff was directed to pay the requisite filing fee for this case, within thirty days. The Plaintiff was warned in this order that his failure to pay the filing fee within thirty days would result in the dismissal of his complaint. The Plaintiff failed to comply with this order.

On December 11, 2006, the Plaintiff filed a motion to reconsider [4] the denial of his pauper status. The Plaintiff asserted that his claims met the exception provision of 28 U.S.C. § 1915(g), "imminent danger of serious physical injury." However, the Court denied the motion to reconsider on December 13, 2006, and the Plaintiff was clearly warned that he had thirty days from the December 4, 2006 order to pay the requisite filing fee for this cause or the case would be dismissed. The Plaintiff has failed to pay the filing fee.

The Plaintiff has failed to comply with two Court orders and he has failed to communicate with this Court since December 11, 2006. It is apparent from the Plaintiff's failure to pay the filing fee and his failure to communicate with this Court that he lacks interest in pursuing this claim.

This Court has the authority to dismiss an action for the Plaintiff's failure to prosecute under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE and under its inherent authority to dismiss the action *sua sponte*. *See Link v. Wabash Railroad*, 370 U.S. 626 (1962); *Larson v. Scott*, 157 F.3d 1030 (5th Cir.1998); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Link*, 370 U.S. at 630. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court. *Id*. at 629-30.

As stated above, the Plaintiff has "three strikes" pursuant to 28 U.S.C. § 1915(g), his complaint does not meet the exception provision of the statute, and he has failed to pay the filing fee for this case, even after he has been allowed more than sixty days from the filing of this case to pay the fee. The Court concludes that dismissal of this action for Plaintiff's failure to prosecute under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE is proper. Since the Defendants have never been called upon to respond to the Plaintiff's pleading and since the Court has never considered the merits of Plaintiff's claims, the Court's order of dismissal will provide that dismissal is without prejudice. *See Munday/Elkins Automotive*

*Partners, LTD. v. Smith*, No. 05-31009, 2006 WL 2852389, at *2 (5th Cir. Oct. 2, 2006).

    A Final Judgment in accordance with this Memorandum Opinion and Order will be entered.

    **SO ORDERED AND ADJUDGED,** this the 12th day of February, 2007.

                                               S/DAVID BRAMLETTE
                                               UNITED STATES DISTRICT JUDGE